## WINNEY HUBBARD *v.* AIMEE GRIFFIN.

Error or want of consideration must be clearly shown to release a party from an obligation, in which he has, under his signature, acknowledged the debt, and admitted a consideration.

A mortgage for money which the mortgagee contracts to advance at a future time, is valid. C. C. 3259, 3260.

APPEAL from the District Court of the First District, *Buchanan*, J.

MORPHY J. The petitioner sued out an order of seizure and sale on a mortgage by authentic act, executed to her by the defendant, on the 2d of July, 1842, on a lot of ground, with the improvements thereon, situated in Magazine street. This mortgage was given to secure the payment of three notes of $1,000 each, drawn by the defendant to the order of the petitioner; and the notarial act mentions that the $3,000 were due for monies loaned and advanced to the defendant for her use and support,

Hubbard v. Griffin.

for the payment of state, parish and municipal taxes, and also for improvements made on the premises mortgaged, &c. The executory proceedings were opposed by the defendant on the allegation, that the notes, and mortgage upon which they are based, were obtained from her by the most gross fraud, misrepresentation, and deception on the part of the plaintiff; that she never was indebted to her in the sum of money mentioned in the mortgage; that she never executed said act, or the notes, with a knowledge that she was creating a debt and a lien on her property; that the same were wholly without consideration, and were obtained by the fraudulent conduct of the plaintiff, in combination with others, to impose on her ignorance, weakness and credulity, and to take advantage of her incapacity to understand and transact her affairs. She further alleges, that the act of mortgage is not, in effect, a public and authentic act, as it purports to be, and that no such proceedings as were commenced by the plaintiff could be had thereon. She concludes by praying that the order of seizure and sale may be set aside, and the notes and mortgage declared null and void, and by propounding to the plaintiff a series of interrogatories, to be answered in open court. Francis Lockwood intervened in this suit, stating that the defendant has no property in the lot and buildings under seizure, but has only the usufruct thereof during her natural life, and that, under the will of the late Jacob Manumishon, from whom the property is derived, the ownership of it is in him; that the sale of the house and lot as the absolute property of the defendant, will cause a great injury to his rights as proprietor thereof, and will expose him to great loss and inconvenience. He further avers, that the said mortgage is null, and can give no rights on the property to the plaintiff, and can operate, if at all, only on the usufructuary interest of the defendant. Upon a hearing of the case, the judge below dismissed the opposition of the defendant, and amended his original order for the seizure and sale of the property, by directing the sheriff to sell it, with the reservation of the right of Francis Lockwood to the same under the will of Jacob Manumishon, in case the said Francis Lockwood shall survive the defendant. From this judgment the plaintiff has appealed.

No evidence whatever has been offered to prove any fraud or deception on the part of the plaintiff, or to show that the act of mortgage, upon which she has instituted these proceedings, was not executed with the formalities required to make it an authentic act, as it purports to be. It was drawn up by a notary who had made the defendant's will, a short time before. Both parties went to his office. The act was read and explained to the defendant, who said it was correct, and then affixed her mark to it in the presence of the notary and of two witnesses. She is represented by the witnesses as being a woman over sixty years of age, but having as much capacity to understand business as women of her age and color usually have. L. U. Gaiennié, who had been her lawyer, said that he thought her very intelligent for an old black woman. In the answers of the plaintiff to the interrogatories, she stated, that she paid the whole sum for which the mortgage was executed; that $2500 were paid at different times, between the year 1839 and July 1842; and that she assumed to pay $500 afterwards, at any time, and in any way that the defendant might require. After stating a variety of payments, or advances made to defendant in person, or to others for her account, such as her doctor's and apothecary's bills, the funeral expenses of her daughter, her account for paving, her taxes, &c., she declared that she could not particularize the other payments made, as, in moving from one house to another, in 1843, she had lost her memorandum book and receipts, with a small box which contained them; that most of the money was lent to the defendant in person, as she asked for it, to pay for taxes, repairs to her house, and for her daily support and expenses; that these advances formed a running account, which was lost with her papers, the items of which varied from $150 down to 12 1-2 cents, for which she took no receipts, as the defendant could not write, &c. No effort has been made to disprove these answers, and they are corroborated by several witnesses, who mention payments made to them by the plaintiff for the account of the defendant. One of them testifies, that he has frequently seen the plaintiff, who was a next door neighbor to the defendant, lend her money for marketing, buying wood, &c. Nothing authorizes us to say that the

$3000, which the defendant acknowledged to owe to the plaintiff, have not really been paid to her, when we are left to infer it only from the unsupported charges of fraud and deception to be found in the defendant's opposition. As this court said in *Dugat* v. *Comeau*, 5 Robinson, p. 475, " a clear case of error, or want of consideration must be shown, to release from his obligation a party, who has, under his signature, acknowledged his indebtedness," &c. In relation to the $500 paid after July, 1842—a mortgage for money which the mortgagee contracts to advance at a future time, is valid, under our law. Civil Code, arts. 3259, 3260.

The intervenor, Francis Lockwood, relies upon the construction given by this court to the last will of Jacob Manumishon, in the case of *Mishon* v. *Bein and Husband*, decided in March, 1844; but the opinion there expressed has no bearing whatever upon the present controversy. The whole reasoning of the court in that case was to arrive at the meaning of the testator in the fifth clause of his will, which was drawn up in terms somewhat ambiguous and obscure. After expressing his will in relation to the property on which he resided in Magazine street, the testator proceeded, in this fifth clause, to dispose of all his other effects and property, real and personal, in behalf of Maria Lockwood, and Francis Lockwood her husband. We came to the conclusion that by this clause, taken in connection with the two preceding it, the usufruct of all the property thus disposed of was intended to be given to the defendant Aimée, though such intention was not clearly expressed. We thought that this construction, which gave effect to every word in the will, was the most reasonable, and we are yet of the same opinion; but the third and fourth clauses of this will, which alone relate to the property in Magazine street, since mortgaged by the defendant, are free from any ambiguity. In the first, the testator gives to the defendant Aimée, in express words, the enjoyment, during the term of her natural life, of this property; and in the second, he gives the same property in fee simple to Maria Lockwood, her daughter. Thus it appears that, whatever may be the rights of this intervenor, under the fifth clause of the will, in the other effects or property left by the deceased,

he has no right nor interest whatever in the premises in question. Maria Lockwood, to whom alone the ownership of the property was given, having died in July, 1841, the defendant, her mother, inherited from her, and thus became the absolute owner of the property.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed; and it is further ordered, that the opposition and the intervention filed in this case be dismissed, with costs; those of the appeal to be borne by the appellees.

*Preston*, for the appellant.

*Grymes*, for the defendant and intervenor.